RONALD ALAN FONDA AND MARY LOUISE FONDA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fonda v. Commissioner
Docket No. 20963-80.
United States Tax Court
T.C. Memo 1981-646; 1981 Tax Ct. Memo LEXIS 99; 42 T.C.M. (CCH) 1626; T.C.M. (RIA) 81646; November 4, 1981. Ronald Alan Fonda, pro se. Frank D. Armstrong, Jr., for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency of $ 336.96 in self-employment tax against petitioners for the taxable year 1979. The sole issue presented is whether it is fair to impose self-employment tax upon petitioners who earned such a low income. FINDINGS OF FACT All of the facts were stipulated. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioners are husband and wife. They resided in Andrews, North Carolina, when they filed their petition. They filed a joint Federal income tax return for the taxable year 1979 with the Memphis Service Center of the Internal Revenue Service at Memphis, Tennessee. During 1979 petitioners *100 were self-employed, deriving income from carpentry, painting and odd jobs. Their gross income consisted of the following: Interest
$ 218
Farming
126
Carpentry, painting,
and odd jobs
4,034
$ 4,378
On their income tax return for the taxable year 1979, petitioners correctly reported all of their income but did not report any liability for self-employment tax. The Commissioner, in his statutory notice of deficiency, determined that petitioners were taxable for self-employment tax in the amount of $ 168.48 on self-employment income of $ 2.080. OPINION Petitioners contend that they should be relieved of paying self-employment tax for the taxable year 1979 because their income level was so low that it is unfair to impose such tax on them. The earnings upon which self-employment tax is imposed and the rate of such tax are contained in the Internal Revenue Code enacted by Congress. Secs. 1401, et. seq., Internal Revenue Code of 1954, as amended. Congress has not seen fit to confer upon this Court the authority to relieve a taxpayer of liability if the amount of self-employment income earned by the taxpayer falls within the amount prescribed *101 by statute. Accordingly, we have no authority to grant relief to petitioners. Decision will be entered for the respondent.